
FILED
2006 Mar-30 AM 10:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARY E. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | CASE NO. _____ |
| ) | |
| JOHN E. POTTER, ) | |
| POSTMASTER GENERAL, ) | CV-06-JEO-0613-S |
| UNITED STATES POSTAL SERVICE, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

1. Plaintiff, Mary E. Smith (hereinafter referred to as "Smith"), a white female, is of sound mind, over the age of nineteen (19) years and at all times relevant hereto, was a resident of the Northern District of Alabama, Southern Division, and also at all times relevant hereto, was and is an employee of the United States Postal Service.

2. Defendant, John E. Potter, Postmaster General of the United States Postal Service (hereinafter referred to as "USPS"), is a federal agency and was at all times relevant hereto, was Smith's employer. Smith is a federal employee within the meaning of Section 701(f) and Section 717(a) of Title VII, 42 U.S.C. Section 2000(e)-(f), 16(a) and 29 U.S.C. 621 et seq. The John E. Potter, Postmaster General of the United States Postal Service, is sued in his official capacity and, as such, is amenable to suit as provided in Section 717(c) of Title VII, 42 U.S.C. Section 2000(e)-16(c) and 29 U.S.C. 621 et seq.

3. The jurisdiction of this Court is invoked pursuant to Section 706 and 717(c) of Title VII; 28 U.S.C. Sections 1333, 1343(d), 1343(4) and 2201; 42 U.S.C. Section 1981(a); 2000(e) -

5(f), 5(g), 16(c) and 29 U.S.C. 621 et seq. This is a suit in equity, authorized and instituted pursuant to the above code sections. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by the above statutes, providing for injunctive and other relief of retaliation/reprisal based on prior complaints of discrimination and age discrimination

4. Smith has fulfilled all conditions precedent to the institution of this action under 42 U.S.C. Section 2000(e) et seq. and 29 U.S.C. 621 et seq. Smith timely filed her charges of age discrimination and retaliation. Smith timely files this complaint within Ninety (90) days of the receipt of the Final Agency Decision from the United States Postal Service received by her counsel on December 27, 2005.

5. All actions complained of herein took place within the Northern District of Alabama, Southern Division. Venue in this Court is proper pursuant to Section 706(f)(3) of Title VII, 42 U.S.C. Section 2000(e)-5(f)(3) and 29 U.S.C. 621 et seq.

## COUNT I

### Retaliation/Reprisal

6. Paragraphs one through five are realleged and incorporated herein by reference and made paragraph six.

7. Smith began employment with USPS in 1981 at Douglasville, Georgia as a substitute rural carrier.

8. In November 1990, Smith suffered an on-the-job injury to her back and neck and was off work for approximately 4 months.

9. In 1991 she was placed in a light-duty position.

10. In 1992, the light duty position was abolished, and Smith was given the option of retiring or return to a rural carrier position. As Smith financially, could not retire, she was forced to return to a rural carrier position.

11. In 1992, while working in the rural carrier position, Smith re-injured her back. Smith was off work for 1 year, as USPS would not give her a light-duty position.

12. In 1993, Smith was transferred to the letter office in the Atlanta facility.

13. In 1994, Smith was transferred to Consumer Affairs in the Atlanta facility.

14. In February, 1996 was transferred to the Jonesboro, Georgia postal facility. Although she was classified as a "Modified clerk craft" she was performing Postmaster duties. As a "modified clerk craft" she did not earn any type of leave time and had no bid rights on any other positions.

15. In June, 1997 Smith asked for and received a transfer to Birmingham, Alabama postal facility.

16. At this time, Smith was performing administrative and secretarial duties for Paul Barrett, Postmaster at the Birmingham facility. Smith formally applied to receive the position, but was denied.

17. In 2000, Smith became aware that USPS was converting modified clerks to regular clerks. Regular clerks can earn leave time and are eligible to bid on other positions.

18. Upon learning this, Smith went to Barrett requesting a conversion to a regular clerk. He directed her to Carol Yarborough, the Birmingham Area workmen's compensation manager, who told Smith she could not help her. Smith then went to Gloria Tyson, a black female and the USPS Alabama District Manager, who sent her to Wendy Hankins, Human Resource Manager for the Alabama District.

19. After approximately 6 months, Hankins informed Smith that her request for conversion was denied due to her "disability" relating to her on-the-job back injuries Smith had received in 1990 and 1992. Smith denied that she suffered from any disability. Hankins told Smith that she felt the decision was wrong, but it was not up to her.

20. From April 30, 2001 to May 3, 2001, Smith participated in and completed OIC or Postmaster training and applied for any open OIC positions.

21. In May, 2001 an OIC position became open at The Shannon, Alabama postal facility. Smith applied for the position and was denied because of her "disability". Smith again denied she suffered from any disability, and further pointed out that she had not only received ands completed OIC training, but had also performed OIC duties on numerous occasions in the past. Smith offered to take a "Fitness for duty" exam to show she was capable of performing the OIC position and was denied. Ultimately, another USPS employee with no OIC training or experience was awarded the position.

22. On November 29, 2001, Smith filed an EEO charge against the postal service alleging discrimination based on her "disability". Smith followed this action through a formal complaint filed on April 19, 2002, as well as filing an action with this Court on September 26, 2003.

23. On or about February 1, 2004, Smith became aware that the position of Customer Relations Coordinator in the Birmingham, Alabama, postal facility was vacant. Smith, being qualified for the position, submitted her application for the position.

24. On or about August 10, 2004, Khristy White, who is approximately 20 years younger than Smith, was awarded the position. The Plaintiff is aware that White was substantially less qualified for the position than Smith.

25. Smith questioned Paul T. Barrett, the final decision maker for the position. Barrett informed Smith that White was awarded the position because she was younger than Smith and had room to grow in the position. Barrett also informed Smith that if she had filed a lawsuit against the postal service based on disability discrimination, that Smith should look for other employment outside of Barrett's department.

26. Based on the foregoing Smith believes and thereby alleges that USPS has retaliated against her for her prior EEO activity. Further, that as a result of such retaliation/reprisal, that Smith has suffered and continues to suffer loss of pay, compensation and benefits, humiliation, embarrassment and mental and emotion anguish.

WHEREFORE, PREMISES CONSIDERED, Smith respectfully prays that this Honorable Court will assume jurisdiction of this action and after trial:

A. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the USPS are violative of the rights of Smith as secured by 42 U.S.C. Section 2000(e) et. seq., as amended.

B. Grant Smith a permanent injunction, enjoining the USPS, its employees, servants, agents and successors and those acting in concert with the USPS and at it's request from continuing to violate the above cited laws.

C. Award Smith an appropriate amount of lost back pay, compensation, benefits, front pay, compensatory and punitive damages, costs, expenses of prosecuting this action and attorney's fees.

D. Smith further prays for such other, special, additional and further relief and benefits as this Honorable Court may deem necessary and appropriate.

## COUNT II

### Age Discrimination

27. Paragraphs one through twenty-six are realleged and incorporated herein by reference and made paragraph twenty-seven.

28. Smith is informed, believes and thereby alleges that the failure to award her the position of Customer Relations Coordinator described above was based in substantial part on her age. Smith is over the of 40, was qualified for the position; she was not awarded the position and Christy White, who is 20 years younger than Smith was awarded the position. Smith is also informed, believes and thereby alleges that the denial of the position was based on the age related comments made to her by Barrett as described above.

29. As a result of such discrimination by the USPS, Smith has suffered and continues to suffer loss of pay, compensation and benefits.

WHEREFORE, PREMISES CONSIDERED, Smith respectfully prays that this Honorable Court will assume jurisdiction of this action and after trial:

A. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the USPS are violative of the rights of Smith as secured by 29 U.S.C. 621 et seq.

B. Grant Smith a permanent injunction, enjoining the USPS, its employees, servants, agents and successors and those acting in concert with the USPS and at it's request from continuing to violate the above cited laws.

C. Award Smith an appropriate amount of lost back pay, compensation, benefits, front pay, liquidated damages, costs, expenses of prosecuting this action and attorney's fees.

D. Smith further prays for such other, special, additional and further relief and benefits as this Honorable Court may deem necessary and appropriate.

**PLAINTIFF DEMANDS TRIAL**

**BY STRUCK JURY.**

Respectfully Submitted,

_____
JAMES M. WOOTEN
Attorney for the Plaintiff
Suite 910
2001 First Avenue North
Birmingham, Alabama  35203
(205) 322-7707